# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| DARREN ALEXES HILTON,<br><br>　　　　　　　　　Petitioner,<br>vs.<br>MATTHEW CATE, Secretary, California Department of Corrections and Rehabilitation<br><br>　　　　　　　　　Respondent. | CASE NO. 10cv2597WQH (WMC)<br><br>ORDER |
|---|---|

HAYES, Judge:

The matter before the Court is the Report and Recommendation (ECF No. 12) of Magistrate Judge William McCurine Jr. recommending that this Court deny the First Amended Petition for Writ of Habeas Corpus (ECF No. 4) filed by Darren Alexex Hilton.

## I.     Background

Hilton was convicted of forcible rape, pandering by encouragement, forcible oral copulation, lewd acts upon a child 14 or 15 years of age, and oral copulation of a person under 18 years of age by a jury consisting of nine women and three men.

Hilton appealed his conviction to the California Court of Appeals on the grounds that the trial court erred during jury voir dire by overruling his objection that the prosecutor improperly used peremptory challenges to excuse four male prospective jurors in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986) and *People v. Wheeler*, 22 Cal.3d 258 (1978), and

because the prosecutor improperly suggested that God was on the side of the alleged victims in the case during closing argument. The Court of Appeal found that "the court did not err in denying [Hilton's] *Wheeler/Batson* motions, and the prosecutor did not commit reversible misconduct." (Lodgment No. 5 at 3).

Hilton petitioned the California Supreme Court for review. The petition was summarily denied. Hilton did not pursue collateral relief in state court.

On December 16, 2010, Hilton filed a Petition for Writ of Habeas Corpus in this Court. (ECF No. 1). On January 17, 2011, Hilton filed a First Amended Petition for Writ of Habeas Corpus. (ECF No. 4). On February 14, 2011, Respondent filed an Answer. (ECF No. 8). On June 6, 2011, Hilton filed a Traverse. (ECF No. 11)**.**

On September 27, 2011, the Magistrate Judge filed a Report and Recommendation recommending that the Petition for Writ of Habeas Corpus be denied. (ECF No. 12). The Magistrate Judge performed a comparative juror analysis of the four male jurors struck by the prosecution and found that Hilton had failed to offer a basis for the Court to disturb the state appellate court's findings and the state trial court's determination that the prosecutor's gender-neutral explanations for exercising the peremptory challenges were credible. The Magistrate Judge concluded that Hilton's *Batson/Wheeler* challenges should be denied. The Magistrate Judge found that the state court properly identified and applied the constitutional standard to the facts of Hilton's claim that the prosecutor improperly implied that God was on the side of the alleged victim in the case. The Magistrate Judge concluded that the state court reached an objectively reasonable result in denying the claim.

On November 18, 2011, Hilton filed an Objection to the Report and Recommendation. (ECF No. 15). Hilton contends that the state court correctly identified the law but misapplied the facts. Hilton contends that the "overall context" of the prosecutor's peremptory challenges show that the his proffered explanations were pretextual. *Id*. at 6. Hilton contends that the state appellate court made an unreasonable determination of the facts in light of the evidence in the case by finding that the prosecutor's error in referring to religion during closing

argument was harmless.

## II. Standard of Review

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court must "make a *de novo* determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); *see also U.S. v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). The Court reviews the Petition and the Report and Recommendation *de novo.*

## III. Discussion

### A. Ground One: *Batson/Wheeler*

The right, purpose, and manner of exercising peremptory challenges is defined in state law. *Ross v. Oklahoma*, 487 U.S. 81, 89 (1988). The California Supreme Court in *Wheeler*, prohibited the use of peremptory challenges to systematically exclude jurors based on such characteristics as race, religion, or ethnicity. *See* Cal. Code Civ. P. § 231.5. Clearly established United States Supreme Court authority also prohibits systematic exclusions on such characteristics. *Batson*, 476 U.S. at 84, 106; *see also J.E.B. v. Alabama*, 511 U.S. 127, 128-29 (1994) ("[T]he Equal Protection Clause forbids intentional discrimination on the basis of gender, just as it prohibits discrimination on the basis of race"); *Snyder v. Louisiana*, 552 U.S. 472, 478 (2008) ("[T]he Constitution forbids striking even a single prospective juror for a discriminatory purpose.") (quoting *United States v. Vasquez-Lopez*, 22 F.3d 900, 902 (9th Cir. 1994)). Courts presume peremptory challenges are exercised in a constitutional manner. *See Batson*, 476 U.S. at 89-98; *Wheeler*, 22 Cal.3d at 278.

There is a three-step "*Batson* framework [which] is designed to produce actual answers to suspicions and inferences that discrimination may have infected the jury selection process." *Johnson v. California*, 545 U.S. 162, 172 (2005) (citation omitted). To satisfy step one, the defendant must first show he or she "is a member of a cognizable racial

3

group, and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race." *Johnson*, 545 U.S. at 169 (quotation omitted). If a defendant satisfies step one, the burden shifts to the prosecution at step two to rebut the inference of bias by articulating a neutral reason for the peremptory strike. *Purkett*, 514 U.S. at 768. At step two, courts focus on the subjective genuineness of the asserted nondiscriminatory motive rather than its reasonableness. *Id*. at 769. The issue is the facial validity of the prosecutor's explanation. *Hernandez*, 500 U.S. at 363. As long as the reasons given are reasonably specific and neutral, even if the explanations are trivial, they are not deemed invalid. *See Johnson*, 545 U.S. at 171 ("even if the State produces only frivolous or utterly nonsensical justifications for its strike, the case does not end – it merely proceeds to step three").

Once the prosecutor gives his reasons, "[t]he trial court will then have the duty to determine if the defendant has established purposeful discrimination." *Miller-El v. Dretke*, 545 U.S. 231, 239 (2005) (quotation omitted); *see also Johnson*, 545 U.S. at 170 (having "the benefit of all relevant circumstances, including the prosecutor's explanation," the trial judge decides "whether it was more likely than not that the challenge was improperly motivated."). "Step three of the *Batson* inquiry involves an evaluation of the prosecutor's credibility,... and 'the best evidence [of discriminatory intent] often will be the demeanor of the attorney who exercises the challenge' ...." *Snyder*, 552 U.S. at 477 (quoting *Hernandez*, 500 U.S. at 364-65) ("In the typical peremptory challenge inquiry, the decisive question will be whether counsel's race-neutral explanation for a peremptory challenge should be believed."). The reviewing Court is confined to ensuring the result was objectively reasonable. *See Rice*, 546 U.S. at 341-42; *see also Felkner v. Jackson*, -- U.S. --, 131 S.Ct. 1305, 1307 (2011) (per curiam) (reversing and remanding a grant of federal habeas relief on a *Batson* challenge, applying the highly deferential AEDPA standards and giving the state-court decisions the required "benefit of the doubt").

Although Petitioner contends in his objections to the Report and Recommendation

that the trial court "made no specific findings on demeanor of credibility" in this case, the trial court stated that the prosecutor's proffered explanation for the peremptory challenges presented "justifiable reasons" and "very valid reasons."  (ECF No. 15 at 3). The trial court did not find that the prosecutor demonstrated discriminatory intent in exercising the peremptory challenges.  The Magistrate Judge correctly stated: "A trial court's finding of no discriminatory intent is a factual determination accorded great deference by reviewing courts because a finding "on the issue of discriminatory intent ... largely will turn on evaluation of credibility."  (ECF No. 12 at 8) (citing *Hernandez*, 500 U.S. at 364-65) (quotation omitted).

Petitioner also contends in his objections to the Report and Recommendation that the general pattern of the prosecutor's peremptory challenges and the prosecutor's initial statement that he did not believe the exclusion of white men could be the basis for a *Batson* challenge indicate that the strikes were based on gender discrimination.  The order in which jurors are stricken may assist in determining whether a challenged strike was based on discrimination. *See United States v. Chinchilla*, 874 F.2d 695, 698 (9th Cir. 1989) (noting that government used its first peremptory challenge to strike the only Hispanic).  However, the Magistrate Judge conducted a comparative juror analysis.  The Magistrate Judge correctly found that the state courts reasonably applied controlling law and reasonably determined the facts in rejecting Hilton's *Batson/Wheeler* claims.

With regard to prospective juror number one, the Magistrate Judge found that "[t]he credibility of the prosecutor's impressions [that prospective juror number one] would not interact well with the group based on specific details associated with his lifestyle entails demeanor and credibility evaluations allocated to the trial court."  (ECF No. 12 at 13).  The Magistrate Judge correctly concluded that the state court's determination that there was no *Baston* error with respect to prospective juror number one was objectively reasonable. With regard to prospective juror number fourteen, the Magistrate Judge found that the state court reasonably determined that the prosecutor's explanation that he was concerned over

prospective juror number fourteen answers to questions regarding his two adult children including his failure to remember where his son worked or what type of work his daughter did was credible.  The Magistrate Judge correctly concluded that the state court's determination that there was no *Baston* error with respect to prospective juror number fourteen was objectively reasonable.  With regard to prospective juror number twenty-three, the Magistrate Judge found that the trial court performed the "unique role [of] assessing from observation the credibility" of the prosecutor's gender-neutral explanation that prospective juror number twenty-three had a "bad attitude." *Id.* at 16.  The Magistrate Judge correctly concluded that he state court's determination that there was no *Baston* error with respect to prospective juror number twenty-three was objectively reasonable.  With regard to prospective juror number thirty-six, the Magistrate Judge found that the prosecutor exercised a peremptory challenge based on a genuine mistake as to the juror's profession.   The Magistrate Judge correctly concluded that he state court's determination that there was no *Baston* error with respect to prospective juror number thirty-six was objectively reasonable.

**B.     Ground Two: Prosecutor's Closing Argument**

A habeas petition will be granted for prosecutorial misconduct only when the misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).  "[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982).  To be found unconstitutional, the prosecutorial misconduct must be "of sufficient significance to result in the denial of the defendant's right to a fair trial." *United States v. Agurs*, 427 U.S. 97, 108 (1976).

The Magistrate Judge found that the state court correctly concluded that the prosecutor's reference to religion during closing argument did not amount to prosecutorial

misconduct.  The Magistrate Judge found that the state trial court instructed the jury four times that the appropriate scope of the evidence, including immediately after the prosecutor's remark during closing argument.  The Magistrate Judge correctly concluded that the "state courts identified and reasonably applied the proper constitutional standard to the facts of this case to reach an objectively reasonable result" that Hilton's constitutional right to a fair trial was not violated.  (ECF No. 12 at 23).

**IV.   Certificate of Appealability**

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "[A] [certificate of appealability] should issue when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Although the Court denied the Petition, the Court finds that Petitioner raised colorable, nonfrivolous, constitutional arguments with respect the Petition.  A certificate of appealability is granted.

**V.   Conclusion**

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 12) is ADOPTED in its entirety.  The First Amended Petition for Writ of Habeas Corpus (ECF No. 4) is DENIED.  A certificate of appealability is GRANTED.

DATED:  April 24, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge